# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV77

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership, <br><br> Plaintiffs, <br><br> Vs. <br><br> PAMELA J. BRADLEY, a/k/a Pamela Jean Latta, <br><br> Defendant. | **MEMORANDUM AND O R D E R** |

**THIS MATTER** is before the Court on Plaintiffs' motions for entry of default judgment and a permanent injunction. For the reasons stated herein, Plaintiffs' motions are granted.

## I. BACKGROUND

Plaintiffs filed a complaint seeking damages and injunctive relief for copyright infringement copyright laws of the United States. **17 U.S.C. § 101 *et seq.*; Complaint, filed March 11, 2008, at 1**. Plaintiff UMG

Recordings is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in the State of California. *Id.* Plaintiff Sony BMG Music Entertainment is a Delaware general partnership with its principal place of business in the State of New York. *Id.* **at 1-2**. Plaintiffs contend they are the protected copyright owners or licensees of certain copyrighted sound recordings ("Copyrighted Recordings") and that each recording is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which Plaintiffs are the owners. *Id.* **at 2;** *see also* **Exhibit A***, attached to* **Complaint**.

The complaint and the amended complaint allege Defendant Pamela J. Bradley, a/k/a Pamela Jean Latta, used the Internet on multiple occasions to download for her own use and/or distribution to the public the Copyrighted Recordings as set forth in Exhibit A. **First Amended Complaint, filed April 21, 2008, at 3-4.** The complaint further alleges Defendant has, without Plaintiffs' permission, continued to download and/or distribute to the public additional sound recordings that are owned by or exclusively licensed to Plaintiffs. *Id.* **at 4.** Plaintiffs contend they have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on

each respective album cover of each of the sound recordings identified by Exhibit A. *Id.* As a result of these alleged violations, Plaintiffs seek statutory damages under 17 U.S.C. § 504(c) for each infringement of the Copyrighted Recordings listed in Exhibit A, along with attorneys' fees and costs pursuant to 17 U.S.C. § 505. *Id*. **at 5-6.**

In support of injunctive relief, Plaintiffs contend the "conduct of Defendant is causing and, unless enjoined and restrained . . . . will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money." *Id*. **at 4-5.**

Defendant was served with a copy of the complaint and summons on March 26, 2008. **See Declaration of Jason Wallace, filed April 3, 2008.** A certificate of service shows the Defendant was mailed a copy of the First Amended Complaint on April 21, 2008. **First Amended Complaint, at 7.** Defendant has filed no answer to either complaint or otherwise appeared in this action. Plaintiffs filed a motion for entry of default and served Plaintiff with a copy of the motion by mail. **See Motion for Entry of Default, filed May 23, 2008, at 4**. Thereafter, the Clerk entered default in favor of Plaintiffs and Plaintiffs sent notice of the entry of default to Defendant by mail. **See Entry of Default, filed May 27, 2008; Notice of Entry of**

**Default by Clerk, filed May 30, 2008.** On July 26, 2008, Plaintiffs filed a motion for default judgment under Fed. R. Civ. P. 55(b) with supporting affidavit and memorandum along with a motion for permanent injunction; according to the certificate of service attached to these documents, a copy of each document was mailed to Defendant. **Motion for Default Judgment, filed July 26, 2008, at 4.** The Court has examined the pleadings, motions, relevant case law and rules that pertain to the issues under consideration and this matter is now ready for resolution.

## II.  DISCUSSION

The Copyright Act provides that a plaintiff may seek statutory damages in the amount of not less than $750 or more than $30,000 and the Court may award such amount as it considers just.  *See* **17 U.S.C. § 504(c)(1)**.  Upon a finding that the infringement was willful, the Court has discretion to increase the award of statutory damages up to a maximum of $150,000 per infringement.  **17 U.S.C. § 504(c)(2).**  In the instant case, Plaintiffs seek minimum statutory damages in the amount of $750.00 for

each of the seven violations detailed in Exhibit A for a total of $5,250.00.[1] **Motion for Default Judgment, at 2.** The Court finds that among those statutory damages authorized, this amount is reasonable and just, and the Court will so order.

Although the amended complaint seeks an award of attorneys' fees and costs, Plaintiffs seek only costs in the amount of $420.00 in their motion for default judgment. The Copyright Act specifically provides the Court with discretion to award reasonable attorneys' fees and costs to the prevailing party. **See 17 U.S.C. § 505**. Because Plaintiffs do not request attorneys' fees in their motion for default judgment, the Court will deem such relief abandoned and award the requested amount of costs.

In considering Plaintiffs' remaining prayer for relief, the Court finds that issuance of a permanent injunction against Defendant's unauthorized downloading and distribution of Plaintiffs' Copyrighted Recordings is

---

[1] As noted herein, the Defendant has been served and failed to answer or participate in this litigation. Accordingly, the facts alleged in the complaint are taken as true and deemed admitted by the Defendant. **See Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62-63 (1st Cir. 2002) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." (internal quotation marks omitted)).**

reasonable. The Copyright Act provides that the Court has discretion to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." **See 17 U.S.C. § 502(a).** Accordingly, based on the facts admitted through default, the Court will enter an order permanently enjoining the Defendant from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings as set out in Exhibit A and in any other protected sound recording, whether now in existence or created at a later time.

      The Court finds that in deciding this motion for default judgment, including determining the amount of damages and the remedies requested, there is no need for an evidentiary hearing, and that such decision is properly reached on the basis of the uncontested motion for default judgment, affidavit and memorandum submitted by Plaintiffs. **See Fed. R. Civ. P. 55 (b)(2).**

## III.  ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for default judgment is **GRANTED**; a Judgment and Permanent Injunction incorporating the findings herein is filed contemporaneously herewith.

Signed: August 21, 2008

Lacy H. Thornburg
United States District Judge